**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ADESOJI FASHINA,
Plaintiff-Appellant,

v.                                                                    No. 97-2291

CHEVY CHASE, F.S.B., INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-96-3251-AW)

Submitted: June 30, 1998

Decided: August 4, 1998

Before WIDENER, WILKINS, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

B. Mayo Robertson, Silver Spring, Maryland, for Appellant. David J.
Cynamon, Anne Marie Longobucco, SHAW, PITTMAN, POTTS &
TROWBRIDGE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Adesoji Fashina ("Fashina") filed suit against his employer, Chevy Chase, F.S.B., Inc. ("Bank"), alleging that he was terminated on the basis of his national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 1994 & Supp. 1998). Fashina appeals the district court orders granting summary judgment in the Bank's favor and denying Fashina's motion for reconsideration of that order. Finding no reversible error, we affirm.

I.

Taking the facts in the light most favorable to Fashina, the non-moving party, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), Fashina and his wife worked as tellers in two different branches of the Bank. The Bank discovered that two cashier's checks were missing from the branch where Fashina's wife worked after receiving calls from two brokerage houses about cashier's checks they received in the mail with applications to open new accounts. The applications were filed under different names but both listed a mailing address of 1324 Bushwick Avenue, Brooklyn, New York.

The Bank conducted an internal investigation of the disappearance and fraudulent use of the cashier's checks. The investigation revealed that the cashier's check preceding the missing checks was issued by Fashina's wife. Bank investigators questioned the employees, including Fashina's wife, about the fraud, which investigators believed fit the profile of a Nigerian fraud ring. When investigators questioned Fashina's wife about the missing checks, she appeared nervous and identified her husband as someone who might have information about the stolen checks.

The Bank reviewed Fashina's personnel file and discovered that Fashina listed as a reference on his employment application the name of a relative whose address was on Bushwick Avenue in Brooklyn-- the street name appearing on the stolen checks. Bank investigators then questioned Fashina about his connection to New York and the

2

stolen checks. Fashina first denied knowing anyone in New York but changed his answer after investigators showed him his employment application.

At the conclusion of the investigation, the Bank terminated Fashina and his wife because it had lost confidence in them. Fashina filed a complaint, alleging that the Bank discharged him on the basis of his national origin. The district court granted the Bank's motion for summary judgment, assuming that Fashina satisfied the prima facie case and finding that the Bank had proffered a legitimate, nondiscriminatory reason--a loss of confidence stemming from the fraud investigation--that Fashina failed to show was pretextual. This appeal followed.

II.

On appeal, Fashina first claims that the district court erred in granting summary judgment in the Bank's favor because the parties conceded that Fashina met the prima facie case, the Bank's reason was not nondiscriminatory, and he demonstrated that the Bank's reason was pretextual. Fashina contends that in reaching its decision, the district court made an improper credibility determination.

We review the district court's grant of summary judgment de novo. See Karpel v. Inova Health Sys. Servs., 134 F.3d 1222, 1226 (4th Cir. 1998). Summary judgment is warranted whenever there exists no genuine issue of material fact and the moving party proves that it is entitled to judgment as a matter of law. See Anderson, 477 U.S. at 247-48. "An employer is entitled to summary judgment if the plaintiff fails to . . . raise a factual dispute regarding the employer's proffered reasons for the alleged discriminatory act." Henson v. Liggett Group, Inc., 61 F.3d 270, 274 (4th Cir. 1995). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252.

Assuming (as the district court did) that Fashina established a prima facie case, see McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), the burden shifts to the Bank to give a legitimate, nondiscriminatory reason for the adverse treatment--Fashina's termi-

3

nation. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981). If the Bank comes forth with a legitimate reason for the adverse treatment, then Fashina must show that the reason is pretextual and that the real reason for the adverse action was discrimination. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507-08 (1993).

The Bank proffered a legitimate, nondiscriminatory reason for Fashina's termination--a loss of confidence resulting from the Bank's investigation of the disappearance and fraudulent use of the cashier's checks and from the connection between the address on the stolen checks and the address listed as a reference on Fashina's employment application. See Burdine, 450 U.S. at 254. Fashina contends on appeal that the real reason for the termination is his national origin. To support this assertion, Fashina claimed that Bank investigators attributed the fraud to a Nigerian fraud ring even before the investigation had begun, were biased against Fashina and his wife during the interviews, and failed to ask all employees the same questions. Taking these allegations as true, Fashina failed to show that the Bank's real reason for terminating him was discrimination on the basis of national origin. See Hicks, 509 U.S. at 507-08; Henson, 61 F.3d at 274. The district court therefore properly granted summary judgment in the Bank's favor.

III.

Fashina also asserts on appeal that the district court erred in denying his motion for reconsideration. Because Fashina's motion was not filed within ten days of the entry of judgment, it must be construed as a motion under Fed. R. Civ. P. 60(b), rather than under Fed. R. Civ. P. 59(e). See In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992). Assuming that Fashina satisfied the threshold criteria for filing a Rule 60(b) motion, see National Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993), he failed to state any grounds for relief. Where, as here, the motion seeks reconsideration of legal issues already addressed in an earlier ruling, the motion is not authorized by Rule 60(b) and rejection of the motion is not an abuse of discretion. See CNF Constructors, Inc. v. Donohoe Constr. Co., 57 F.3d 395, 401 (4th Cir. 1995). We therefore find no abuse of discretion in the district court's denial of Fashina's Rule 60(b) motion. See Heyman v. M.L.

4

Mktg. Co., 116 F.3d 91, 94 (4th Cir. 1997) (stating standard of review).

IV.

Accordingly, we affirm the district court's grant of summary judgment in the Bank's favor and the denial of Fashina's Rule 60(b) motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED