**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MICHAEL ARTHUR RORER,
<u>Plaintiff-Appellant,</u>

v.

CITY OF NORFOLK; JAMES B. OLIVER,
JR., Honorable, Individually and as
corrupt former Norfolk City
Manager; G. CONOLY PHILLIPS,
Honorable, individually and as
negligent Norfolk City Councilman;
BERNARD A. PISHKO, Individually
and as new Norfolk City Attorney;
HAROLD P. JUREN, Individually and
as corrupt Senior Deputy Norfolk
City Attorney; JACOB STROMAN, IV,
Individually and as corrupt Deputy

Norfolk City Attorney; DANIEL
HAGEMEISTER, Individually and as
corrupt Deputy Norfolk City
Attorney; ALBERT TEICH,
Individually and as Clerk, Norfolk
Circuit Court; GARY WRIGHT,
Individually and as Chief Deputy
Clerk, Norfolk Circuit Court; JOHN
Y. RICHARDSON, JR., Individually and
as corrupt Deputy Norfolk City
Attorney; JEFF W. ROSEN,
Individually and as a conspiring and
suborning, perjurious Attorney;
ADLER, ROSEN AND PETERS,
Professional Corporation,
<u>Defendants-Appellees.</u>

No. 99-2579

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Jerome B. Friedman, District Judge.
(CA-99-552-2)

Submitted: June 13, 2000

Decided: June 29, 2000

Before NIEMEYER and TRAXLER, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael Arthur Rorer, Appellant Pro Se. John Yulee Richardson, Jr.,
CITY OF NORFOLK, Norfolk, Virginia; Lisa Ehrich, Jeff W. Rosen,
ADLER, ROSEN & PETERS, P.C., Virginia Beach, Virginia, for
Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM

Appellant Michael Arthur Rorer appeals the district court's order
denying his motion for reconsideration. Rorer filed an action under 42
U.S.C.A. § 1983 (West Supp. 2000), which the district court dis-
missed on August 16, 1999. On September 14, 1999, Rorer filed a

2

document purporting to be both a motion for reconsideration and a notice of appeal. Because Rorer's filing clearly evinced a primary intent to seek reconsideration, the notice of appeal was ineffective, and the document was properly construed as a motion for reconsideration.* See Buffalo v. Sunn, 854 F.2d 1158, 1161 (9th Cir. 1988); Mosley v. Cozby, 813 F.2d 659, 660-61 (5th Cir. 1987).

Rorer's motion for reconsideration was filed more than ten days after judgment and, therefore, is appropriately construed as a motion pursuant to Fed. R. Civ. P. 60(b) rather than Fed. R. Civ. P. 59(e). See In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992). Although Rorer timely appealed the district court's order denying reconsideration, a Rule 60(b) motion does not toll the period for filing an appeal of the underlying judgment, nor does it allow the review of the merits of the underlying order. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263-65, 268-69 (1978). Hence, we have jurisdiction only to decide whether the district court properly denied reconsideration. Although the district court construed Rorer's motion to reconsider as a motion pursuant to Fed. R. Civ. P. 59(e), the district court's error is harmless because Rorer presented no grounds on which a Rule 60(b) motion may be granted. See Fed. R. Civ. P. 60(b). Accordingly, we affirm the district court's denial of Rorer's motion for reconsideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____
*Even if we found that Rorer's motion to reconsider constituted a sufficient notice of appeal as to the merits of the August 16, 1999, order, Rorer's appeal fails. Rorer's informal brief fails to offer any evidence supporting his allegations of bias by the district court or perjury by city officials. Furthermore, there is no constitutional right to engage in settlement negotiations with a municipality in regards to a personal injury claim. Finally, the district court properly held that 18 U.S.C.A. §§ 241, 242 do not create a civil right of action.

3