**In Re John Rodgers BURNLEY, Plaintiff–Appellant.**

No. 91–7369.

United States Court of Appeals, Fourth Circuit.

Argued Sept. 29, 1992.

Decided Dec. 22, 1992.

Amended by Order Filed March 4, 1993.

Roger Diseker, Third–Year Student, University of Virginia School of Law, Charlottesville, VA, argued (Harold J. Krent, Post–Conviction Assistance Project and John Nalbandian, University of Virginia School of Law, on brief), for appellant.

Robert W. Jaspen, Asst. U.S. Atty., Richmond, VA, argued (Richard Cullen, U.S. Atty., on brief), for appellee.

Before RUSSELL, WILKINS, and HAMILTON, Circuit Judges.

## OPINION

PER CURIAM:

Plaintiff, John Rogers Burnley, is a prison inmate, who is a frequent civil rights complainant. He appeals from a district court's denial of his motion to modify an

injunction that imposed on him a system for pre-filing review of his civil rights claims and the order of their filing. Because Burnley failed to perfect a timely appeal from the initial order imposing the pre-filing review system on him, this Court lacks jurisdiction to consider his attack on that order. Accordingly, only the denial of Burnley's motion to modify the injunction is properly before us. Since we find that the district court did not abuse its discretion in denying that motion, we affirm.

## I.

Burnley is an inmate at the Bland Correctional Center in Virginia. Since 1981, Burnley has filed over fifty civil rights suits under 42 U.S.C. § 1983 against countless defendants.[1] On July 11, 1990, in response to this flood of litigation, the district court entered an order imposing a pre-filing review system on Burnley.[2] In its order the district court instructed the clerk of court to number consecutively each of Burnley's Section 1983 complaints and to process the complaints in the order in which they were received. The court's order also directed the clerk to process only one case at a time unless a "bona fide emergency" existed. Under the system, Burnley could choose to dismiss a pending action without prejudice in order to expedite consideration of other complaints. The court's order specified, however, that if any responsive pleadings or motions had been filed in a case, the dismissal would be with prejudice.

Over a year later, on October 22, 1991, the district court issued a memorandum and order warning Burnley that the statute of limitations continued to run in each of his Section 1983 actions. Additionally, the district court directed Burnley "to list the date when each transaction or occurrence underlying *each* complaint occurred with respect to *each* named defendant" and to notify the court as to which cases were priority cases to be considered first.

On November 12, 1991, Burnley filed a motion requesting the district court to modify the review system in order to permit him to maintain two pending cases at one time.[3] The district court denied his motion on December 3, 1991. Burnley then filed a timely notice of appeal.

Burnley contends on appeal that the district court abused its discretion when it adopted the pre-filing review system. Appellee, United States, on the other hand, argues that this Court lacks jurisdiction to consider the merits of the underlying order that instituted the pre-filing review system. The United States contends that because Burnley failed to appeal the initial order within the required time frame, he is now barred from arguing the merits of the initial order. Burnley counters, however, that assessment of the merits of his motion necessarily requires consideration of the underlying order.

## II.

In cases where a party submits a motion such as Burnley's, which is unnamed and does not refer to a specific Federal Rule of Civil Procedure, the courts have considered that motion either a Rule 59(e) motion to alter or amend a judgment, or a Rule 60(b) motion for relief from a judgment or order.[4] *Sanders v. Clemco*

---

1. In one case, styled *John Rogers Burnley v. In re: William H. Burnley, et al.*, Burnley named twenty-seven defendants including "Unknown Named Illegal Owners on the Estate of William H. Burnley." That case, and *John Rogers Burnley v. Henry A. Kennon*, in which Burnley named thirty-nine defendants, five of which were unknown or unnamed, are typical of his complaints.

2. The district court noted in proposing the pre-filing review system that in one case alone, "Mr. Burnley has submitted reams of documents, some styled 'amended complaint,' others simply on complaint forms, which have now reached a standing height of three feet."

3. The relevant portion of Burnley's motion stated: "The Plaintiff ask the Court to give full consideration of uplifting its ORDER of May 14, 1990, and allow the Plaintiff to have at least two (2) civil actions pending at one time in this Court."

4. Burnley failed initially to appeal from the district court's order imposing the pre-filing review system. Therefore, the resolution of the jurisdictional question depends on which rule applies.

*Indus.*, 862 F.2d 161, 168 (8th Cir.1988). In this case the question of which rule applies is quickly resolved—Burnley failed to file the motion within ten days of entry of judgment, therefore Rule 59(e) is inapplicable. Fed.R.Civ.Pro. 59(e).

██ Considering Burnley's motion as a Rule 60(b) motion, however, does not solve his problems. In ruling on an appeal from a denial of a Rule 60(b) motion this Court may not review the merits of the underlying order; it may only review the denial of the motion with respect to the grounds set forth in Rule 60(b). *Browder v. Director, Illinois Dep't of Corrections*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978); *Floyd v. Laws*, 929 F.2d 1390, 1400 (9th Cir.1991); *Sanders*, 862 F.2d at 169; *cf. Tilley v. United States*, 375 F.2d 678, 684 (4th Cir.1967). A Rule 60(b) motion may not substitute for a timely appeal. *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir.1989). The district court's decision to deny the motion is reviewable under an abuse of discretion standard. *Browder*, 434 U.S. at 263 n. 7, 98 S.Ct. at 560 n. 7; *Sanders*, 862 F.2d at 169; *Harman v. Pauley*, 678 F.2d 479, 480 (4th Cir.1982).

██ It does not appear that the district court abused its discretion in this case. When making a motion under Rule 60(b), the party moving for relief "must clearly establish the grounds therefor to the satisfaction of the district court," *Virgin Islands Nat'l Bank v. Tyson*, 506 F.2d 802, 804 (3d Cir.1974), *cert. denied*, 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975), and such grounds "must be clearly substantiated by adequate proof." *Thomas v. Colorado Trust Deed Funds, Inc.*, 366 F.2d 136, 139 (10th Cir.1966). Here, Burnley merely "ask[ed] the Court to give full consideration of uplifting its ORDER of May 14, 1990, and allow the Plaintiff to have at least two (2) civil actions pending at one time in this Court." Nowhere in the motion does Burnley set forth any grounds for granting the motion. In light of the burden of proof on the movant under Rule 60(b), we cannot say that the district court

abused its discretion in denying Burnley's motion.

### III.

██ Notwithstanding our determination that this Court lacks jurisdiction to consider the merits of the district court's initial order imposing the pre-filing review system on Burnley, we would observe that it does not appear that the district court abused its discretion in imposing the original order. It is well-established law in this circuit that a district court may establish a system of "pre-filing review of complaints brought by prisoners with a history of litigiousness." *Flint v. Haynes*, 651 F.2d 970, 974 (4th Cir.1981). In *Graham v. Riddle*, 554 F.2d 133, 134 (4th Cir.1977), this Court expressly upheld a pre-filing review system that denied *in forma pauperis* status to a frequent filer of frivolous complaints except upon good cause shown. The Court in *Graham* recognized that a district court has the power to control the litigiousness of individuals who choose to abuse the *in forma pauperis* system through a pre-filing review system under the discretionary authority implicit in 28 U.S.C. § 1915(a). *Id.* at 135. Other circuits have also recognized the power of a district court to impose limits upon those who abuse the system. *See, e.g., Cofield v. Alabama Pub. Serv. Comm'n*, 936 F.2d 512, 518 (11th Cir.1991) (upholding district court's pre-filing screening system); *Abdul–Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir.1990) ("When a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained, we believe it is entitled to resort to its power of injunction ... to protect its process."); *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir.1986) ("There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances."); *Abdullah v. Gatto*, 773 F.2d 487, 488 (2d Cir.1985) (recognizing the district court's authority to impose conditions upon litigants' ability to file *in forma pauperis*

actions at will); *Franklin v. Murphy*, 745 F.2d 1221, 1231–32 (9th Cir.1984) (upholding order limiting prisoner to six *in forma pauperis* filings per year); *In re Green*, 669 F.2d 779, 787 (D.C.Cir.1981) (requiring prisoner to obtain leave of court to file civil cases); *Green v. White*, 616 F.2d 1054, 1055 (8th Cir.1980) (limiting petitioner's *in forma pauperis* complaints to specific allegations of physical harm or threats). These cases all recognize the burden that litigious individuals place on the judicial system and reflect a balance between insuring access to the courts and controlling already overburdened dockets. The district court recognized these concerns, stating that "[i]t is apparent that Mr. Burnley must be subjected to a [pre-filing review] procedure in order to protect judicial resources and the rights of other litigants to have their cases expeditiously processed." In light of Burnley's propensity for litigation, it appears that the district court acted within its discretion in establishing the pre-filing review system.

### IV.

Because we find that the district court did not abuse its discretion in denying Burnley's Rule 60(b) motion, the decision of the district court is hereby affirmed.

AFFIRMED.