65 F.3d 167
 76 A.F.T.R.2d 95-6398
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles Wesley SHEETS, Plaintiff-Appellant,
v.
INTERNAL REVENUE SERVICE; United States of America,
Defendants-Appellees.
 No. 93-2258.
 United States Court of Appeals, Fourth Circuit.
 Sept. 6, 1995.
Argued: April 14, 1994.
Decided: September 6, 1995.
 
 ARGUED: Terry Goodwin Harn, Chapel Hill, North Carolina, for Appellant. Gill Paul Beck, Assistant United States Attorney, Greensboro, NC, for Appellees. ON BRIEF: A. Wayne Harrison, Greensboro, NC, for Appellant. Benjamin H. White, Jr., United States Attorney, Greensboro, NC, for Appellees.
 Before WIDENER and WILLIAMS, Circuit Judges, and TURK, United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant Charles Wesley Sheets appeals from an order granting summary judgment in favor of appellee Internal Revenue Service (IRS)[1]and from an order denying his Rule 60(b) motion for relief from such order. Because Sheets did not perfect a timely appeal from the initial order of the district court granting summary judgment, this court only has jurisdiction to consider the court's denial of the Rule 60(b) motion. We find no abuse of discretion in such denial and we affirm.
 
 
 2
 * This appeal stems from an administrative civil forfeiture by the Internal Revenue Service of Sheets' property pursuant to 18 U.S.C. Secs. 1956 and 1957 and 18 U.S.C. Sec. 981.[2] The property seized and forfeited included a 1988 Chevrolet S-10 Blazer, a 1991 Ford Truck, United States currency in the amount of $138,508.00, and various gold pieces subsequently appraised at $32,793.22. The property was seized pursuant to warrants issued on September 3, 1991 by a magistrate judge upon a detailed affidavit by Ted D. Warren, Special Agent IRS-Criminal Investigation Division, establishing probable cause to believe that the property was involved in financial transactions which represent the proceeds of unlawful activity, a transaction designed to avoid financial transaction reporting requirements, or monetary transactions through or to a financial institution, any or all of these, and thus in violation of 18 U.S.C Secs. 1956 and 1957.
 
 
 3
 On September 6, 1991 four Notices of Seizure were mailed, two to Sheets' residence and two to his business address. On September 9 and 12, Sheets received and signed for at least two of these notices. The notices informed him of the property seized, the estimated value of all items except the gold pieces, that the property had been seized pursuant to Sec. 1956, and that any claims would have to be filed within twenty days of the first publication of the seizure which was to be on September 8 in the Winston-Salem Journal. Sometime shortly thereafter, Sheets talked to his attorney who, apparently relying on an outdated treatise, informed him that the property could not be forfeited by the IRS because the value exceeded $100,000. Notice of seizure advertisements were run in the Winston-Salem Journal on September 8, 15, and 22. The advertisements stated that any claims (and cost bonds) had to be received on or before September 30, 1991, or else the property would be forfeited and disposed of according to law. When no claims were made within twenty days after first publication and after the gold pieces had been appraised, the IRS District Director signed a declaration of forfeiture on October 1, 1991. On October 10, 32 days after first publication on September 8, Sheets mailed a claim and an affidavit in lieu of bond for costs to the IRS. By letter dated October 18, the IRS informed Sheets that his claim was untimely because any claim was required to be submitted within 20 days of the date of first publication of the notice of seizure. In January and February 1992, the property was distributed to state and local law enforcement agencies.
 
 
 4
 On March 13, 1992, Sheets filed suit seeking injunctive and declaratory relief. He requested a declaration that the regulations promulgated pursuant to 19 U.S.C. Sec. 1607, as incorporated by 18 U.S.C. Sec. 981, did not allow for forfeiture of property with a value exceeding $100,000, and that even if they did provide for forfeitures up to $500,000, notice of the forfeiture was inadequate as it neither described the specific acts or omissions forming the basis of the alleged Sec. 1956 violations (19 C.F.R. Sec. 162.31) nor included an appraisal of the value of the property. Sheets also sought to enjoin the sale of the property until he was given an administrative hearing under 18 U.S.C. Sec. 981. Both parties filed motions for summary judgment and on April 29, 1993 the district court granted summary judgment in IRS's favor and dismissed Sheets' case with prejudice. The court stated that the IRS had complied with all applicable forfeiture procedures under the customs laws which the civil forfeiture statute, Sec. 981, incorporated by reference. The court explained that Sec. 1607(a)(1) authorizes the administrative forfeiture of vehicles whose value does not exceed $500,000 and that the total value of Sheets' two vehicles was approximately $24,600. It further stated that Sec. 1607(a)(4) authorizes the forfeiture of any monetary instrument without declaring a dollar threshold. It also noted that the total amount of the seizure, approximately $195,000.00, was well within the power specifically delegated to the IRS to conduct administrative forfeitures up to $500,000 under 56 Fed.Reg. 2140 (1991). The court also held that the IRS provided Sheets with the appropriate notice under Sec. 1607(a), including personal notice to Sheets of its intent to forfeit the property, published notice of the seizure and intent to forfeit the property for three successive weeks in the Winston-Salem Journal. Because Sheets did not file a claim within 20 days of the first publication, the IRS was free to forfeit the property under 19 U.S.C. Sec. 1608. The court found no law requiring notice of forfeiture after an appraisal and determined that Sheets was, in fact, informed that the property was seized because it was in violation of Secs. 1956 & 1957.
 
 
 5
 On May 18, 1993, Sheets filed an untimely Rule 59 motion for a new trial and a timely motion for relief from the judgment under Rule 60(b). By order dated August 16, 1993 the court denied the motions, noting that the motion raised wholly new claims not previously raised in the motion for summary judgment. Because Sheets had failed to raise these claims in his motion for summary judgment and because the case had been dismissed with prejudice, the court declined to now consider these claims. Sheets filed his notice of appeal to this court on August 31, 1993.
 
 II
 
 6
 Many of the arguments presented on appeal deal with the merits of the summary judgment order.[3] However, Fed. R.App. P. 4(a)(1) requires that appeal be taken from entry of judgment or order appealed from within 60 days. Because neither an untimely Rule 59 motion nor a timely Rule 60(b) motion (unless filed within 10 days of entry of judgment) tolls the time for appeal we have no jurisdiction to hear an appeal on the merits of the summary judgment order. Fed. R.App. P. 4(a)(4). Thus, Sheets' notice of appeal only brings up the order denying the Rule 60(b) motion, and we will address only the issues raised in Sheets' Rule 60(b) motion. See In re Burnley, 988 F.2d 1, 3 (4th Cir.1992) ("in ruling on an appeal from a denial of a Rule 60(b) motion this Court may not review the merits of the underlying order; it may only review the denial of the motion with respect to the grounds set forth in Rule 60(b)") (citation omitted).
 
 
 7
 The district court's order denying the Rule 60(b) motion will not be overturned absent an abuse of discretion. In re Burnley, 988 F.2d at 3 (citations omitted). As the moving party, Sheets was required to clearly establish the grounds for relief under Rule 60(b) and substantiate his arguments by adequate proof. See In re Burnley, 988 F.2d at 3. Sheets requested relief based on two grounds, one of which he had argued in his summary judgment motion and the other being a newly raised legal argument. He first asked the court to decide whether the civil forfeiture of his property under a federal statute in addition to the jail sentence and fine[4] imposed on him by the State shortly before the forfeiture constituted a violation of the Double Jeopardy Clause of the Sixth Amendment. As this was admittedly a wholly new legal claim not raised by Sheets in his motion for summary judgment, the court declined to consider the claim. This was not an abuse of discretion as a district court is not required by any of the provisions of Rule 60(b) to entertain newly discovered legal claims which could have easily been raised in the original motion and are not the product of excusable neglect. See Fed.R.Civ.P. 60(b).
 
 
 8
 Sheets also asked the court to reconsider its ruling on the adequacy of the Notice of Seizure arguing, as he had in the motion for summary judgment, that any failure to give the notice of the specific facts forming the basis of the alleged violations as required by the statute (Sec. 1607) and implementing regulations (19 C.F.R. Sec. 162.31) constituted a violation of procedural due process. Although Sheets now argues that relief was warranted under Rule 60(b)(1) for mistake of fact by the district court in concluding that Sheets did not contest the probable cause necessary for the initial seizure warrant to issue, Sheets did not set forth this ground in his motion, which merely stated that the Notice of Seizure did not "give the notice required by the statute and implementing regulations" and therefore was a denial of "due process under the Fifth Amendment." Thus, the mistake of fact argument is nothing more than a request for reconsideration of the district court's decision on the adequacy of the notice under the forfeiture regulations. We have before held in United States v. Williams, 674 F.2d 310, 312-313 (4th Cir.1982), that where a Rule 60 motion is nothing more than a request to the district court to reconsider a legal issue or to change its mind, the rule does not provide a basis for relief. Accordingly, we are of opinion that the district court did not abuse its discretion in refusing to revisit its ruling on the adequacy of notice.
 
 
 9
 The district court's order denying relief from the judgment is
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 The Internal Revenue Service and the United States of America were the named defendants in the complaint. We refer to the defendants collectively as IRS
 
 
 [2]
 18 U.S.C. Sec. 981 provides, in part, for the seizure and civil forfeiture of:
 (A) Any property, real or personal, involved in a transaction or attempted transaction in violation of section 5313(a) or 5324(a) of title 31, or of section 1956 or 1957 of this title, or any property traceable to such property.
 
 
 [3]
 Sheets' motion requested relief from judgment under Rule 60(b) or in the alternative a new trial under Rule 59. We treat the motion only as a Rule 60(b) motion as the Rule 59 motion was not timely filed within 10 days after entry of the judgment. See In re Burnley, 988 F.2d 1, 2-3 (4th Cir.1992)
 
 
 [4]
 On April 22, 1992, Sheets pled guilty in a North Carolina state court to drug trafficking and was sentenced to 15 years confinement and fined