**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 00-7414**

─────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MALCOLM EXCELL, a/k/a Rush,

Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Robert G. Doumar, Senior District Judge. (CR-95-49-4, CA-00-60-4)

─────────

Submitted: December 15, 2000          Decided: January 16, 2001

─────────

Before WIDENER, NIEMEYER, and MICHAEL, Circuit Judges.

─────────

Dismissed in part and affirmed in part by unpublished per curiam opinion.

─────────

Malcolm Excell, Appellant Pro Se. Robert Edward Bradenham, II, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Malcolm Excell appeals from the district court's order dismissing his 28 U.S.C.A. § 2255 (West Supp. 2000) motion as untimely, and the court's order denying reconsideration. We dismiss the appeal of the underlying order for lack of jurisdiction because Excell's notice of appeal was not timely filed, and affirm the denial of reconsideration.

Parties are accorded sixty days after the entry of the district court's final judgment to note an appeal, Fed. R. App. P. 4(a)(1), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 424 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on July 12, 2000. Excell's notice of appeal was filed on October 3, 2000. Because Excell failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny a certificate of appealability and dismiss the appeal.

Excell also appeals from the district court order denying his Rule 60(b) motion seeking reconsideration of the court's prior order dismissing as untimely his 28 U.S.C.A. § 2255 (West Supp.

2

2000) motion.<sup>\*</sup>  We have reviewed the record and the district court's opinion and find no abuse of discretion.  <u>In re Burnley</u>, 988 F.2d 1, 3 (4th Cir. 1992).  Accordingly, although we grant Excell's motion for clarification, we affirm on the reasoning of the district court.  <u>United States v. Excell</u>, No. CR-95-49-4; CA-00-60-4 (E.D. Va. July 12, 2000).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART; AFFIRMED IN PART</u>

---

[*] An appeal from the denial of a Rule 60(b) motion is reviewed only with respect to the grounds set forth in Rule 60(b).  The merits of the underlying order are not reviewable where, as in this case, the appellant failed to timely appeal the underlying order. <u>In re Burnley</u>, 988 F.2d 1, 3 (4th Cir. 1992).