UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

CARL R. CHALMERS,
              *Plaintiff-Appellant,*

v.

ANDREW J. WINSTON, individually
and in his official capacity as
Chairman of the Board of
Corrections; RONALD ANGELONE,
Director of the Virginia Department
of Corrections,
              *Defendants-Appellees.*

No. 00-6943

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T.S. Ellis, III, District Judge.
(CA-98-1714)

Submitted: January 19, 2001

Decided: March 6, 2001

Before WILKINS, NIEMEYER, and TRAXLER, Circuit Judges.

---

Affirmed in part and dismissed in part by unpublished per curiam opinion.

---

### COUNSEL

Carl R. Chalmers, Appellant Pro Se. Mark Ralph Davis, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Carl R. Chalmers appeals the district court's orders denying relief on his 42 U.S.C.A. § 1983 (West Supp. 2000) complaint and denying his motion for reconsideration filed pursuant to Fed. R. Civ. P. 59(e). A motion to alter or amend judgment under Rule 59(e) shall be filed no later than ten days after entry of the judgment. *See* Fed. R. Civ. P. 59(e). Because Chalmers' motion was not filed within ten days of the entry of judgment, the district court properly considered it as a Rule 60(b) motion, rather than a Rule 59(e) motion. *See In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1993) (per curiam). A Rule 60(b) motion does not bring up for review the merits of the underlying substantive judgment, nor does it toll the period for filing an appeal of the underlying judgment. *See Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 263 n.7 (1978).

Because Chalmers did not file his Rule 59(e) motion within ten days of the district court's order dismissing his § 1983 complaint, entered on May 5, 2000, the time period for filing his appeal of that order was not tolled. *See* Fed. R. App. P. 4(a)(4). Therefore, Chalmers' appeal is only timely as to the district court's denial of his subsequent motion for reconsideration. This Court reviews a denial of a Rule 60(b) motion for abuse of discretion. *See NOW v. Operation Rescue*, 47 F.3d 667, 669 (4th Cir. 1995) (per curiam).

We have reviewed the record and conclude that the district court's denial of Chalmers' motion for reconsideration did not constitute an abuse of discretion. Accordingly, we dismiss Chalmers' appeal of the district court's order dismissing his § 1983 complaint for lack of jurisdiction because Chalmers' notice of appeal was untimely as to that order. We deny Chalmers' motion to consolidate as moot and affirm the district court's denial of Chalmers' motion for reconsideration, particularly in light of our recent decision in *Washlefske v. Winston*,

234 F.3d 179 (4th Cir. 2000). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED IN PART; AFFIRMED IN PART*