**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

  *Plaintiff-Appellee,*

v.

ERIC E. ALVAREZ,

  *Defendant-Appellant.*

No. 02-6276

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
Malcolm J. Howard, District Judge.
(CR-97-47, CA-01-75-H)

Submitted: May 7, 2002

Decided: June 19, 2002

Before WILKINS and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Remanded by unpublished per curiam opinion.

---

**COUNSEL**

Eric E. Alvarez, Appellant Pro Se. Robert Edward Skiver, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

## OPINION

PER CURIAM:

Eric E. Alvarez appeals the district court's denial of his motion filed pursuant to 28 U.S.C.A. § 2255 (West Supp. 2001) and his motion to reconsider. The notice of appeal in this case was received in the district court after expiration of the sixty day appeal period following the denial of Alvarez's motion to reconsider. However, Alvarez dated his notice of appeal prior to the expiration of the appeal period. Under *Houston v. Lack*, 487 U.S. 266, 276 (1988), the notice of appeal is deemed filed on the date it was delivered to prison officials. Because the record as it stands does not indicate when Alvarez delivered his notice of appeal to prison officials for mailing, we cannot determine whether the notice of appeal is timely.

The record is similarly unclear as to the date Alvarez filed his motion to reconsider from the court's order denying relief in his habeas motion. Under *Houston v. Lack*, the motion to reconsider is deemed filed as of the date the petitioner delivered it to prison officials for forwarding to the court. *See United States v. Duke*, 50 F.3d 571, 575 (8th Cir. 1995). Although Alvarez's motion to reconsider was received by the district court clerk approximately one month after denial of his § 2255 motion, Alvarez alleges he delivered the motion to the proper prison officials on the tenth day following the district court's decision. The date Alvarez delivered the motion to reconsider to prison officials must be ascertained by the district court as the timing of the filing of that motion determines whether it is properly considered under Fed R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b). *See In re Burnley*, 988 F.2d 1 (4th Cir. 1992). Accordingly, we remand the case for the district court to determine the timeliness of the filing of the notice of appeal under *Houston v. Lack*. In the event that the court concludes that Alvarez's notice of appeal was timely filed, it must then determine whether Alvarez's motion to reconsider was delivered to prison officials for mailing no later than the tenth day following the denial of Alvarez's § 2255 motion. The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*