**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-6144**

ANTONIO RENALDO JACKSON-BEY,

Plaintiff - Appellant,

versus

CORRECTIONAL MEDICAL SERVICES,

Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Peter J. Messitte, District Judge.  (CA-03-1790-8-PJM)

Submitted:  May 26, 2004                  Decided:  July 19, 2004

Before NIEMEYER, LUTTIG, and KING, Circuit Judges.

Remanded by unpublished per curiam opinion.

Antonio Renaldo Jackson-Bey, Appellant Pro Se.  Philip Melton Andrews, KRAMON & GRAHAM, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Antonio Renaldo Jackson-Bey, a Maryland prisoner, appeals the district court's order denying his 42 U.S.C. § 1983 (2000) complaint. We remand this case to the district court for further fact finding.

Federal Rule of Appellate Procedure 3 conditions federal appellate jurisdiction on the filing of a timely notice of appeal. Fed. R. App. P. 4(a) states that a party in a civil action must file an appeal within thirty days of the entry of judgment. It is well-settled that compliance with Rule 4(a) is mandatory and jurisdictional. Browder v. Director, Dep't of Corr., 434 U.S. 257, 267 (1978). Rule 4(a)(4) states that when a party has filed a motion under Federal Rule of Civil Procedure 60 within ten days of the entry of the judgment, the thirty-day period does not begin to run until the entry of the judgment disposing of the Rule 60 motion. Rule 4(a)(5) allows a party to move for an extension of time to file a notice of appeal where the party so moves no later than thirty days after the time prescribed by Rule 4(a) expires and where the party shows excusable neglect or good cause.

The record in this case does not clearly reflect when Jackson-Bey filed his Rule 60 motion. While he dated the motion October 13, 2003, the district court did not file the motion until October 30, 2003. Hence, we cannot glean from the record whether Jackson-Bey's motion for reconsideration is properly construed as

a motion filed under Fed. R. Civ. P. 59, which would toll the period for appealing the underlying judgment, or as a motion under Rule 60, which would not toll the appeal period. See In re Burnley, 988 F.2d 1, 2-3 (4th Cir. 1992).

Nor can we discern whether Jackson-Bey timely appealed from the court's order denying reconsideration. The district court's judgment denying Jackson-Bey's motion for reconsideration was entered November 20, 2003. The thirty-day appeal period expired December 22, 2003. See Fed. R. App. P. 26 (instructing that the last day of the period is not counted when it is a Saturday). Jackson-Bey's notice of appeal was dated December 17, 2003, but was not entered until January 13, 2004, within thirty days after the expiration of the thirty day period. Pursuant to Houston v. Lack, 487 U.S. 266 (1988), Jackson-Bey's pleadings were filed when placed in the prison's internal mail system. Depending on when this occurred, Jackson-Bey may have filed a Rule 59 or 60 motion, and may or may not have timely appealed from the orders denying relief and denying reconsideration. Moreover, we note that the district court construed Jackson-Bey's notice of appeal as a motion for extension of time, but did not ultimately resolve that motion.

In light of the foregoing uncertainty regarding the timeliness of Jackson-Bey's motion for reconsideration and appeal from the denial of that motion, we remand the case to the district

court for appropriate fact finding. In so doing, we emphasize that, in order to establish the timeliness of his notice of appeal, the appellant must comply with Fed. R. App. P. 4(c)(1).[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REMANDED

---

[*] Fed. R. App. P. 4(c)(1) provides, as follows:
If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been paid.
(emphasis added).