**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-6523

EMORY ALVIN MICHAU, JR.,

Petitioner - Appellant,

versus

EDSEL T. TAYLOR; HENRY MCMASTER,

Respondents - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Sol Blatt, Jr., Senior District Judge.  (CA-03-851-6-08)

Submitted:  July 29, 2004          Decided:  August 4, 2004

Before LUTTIG, MICHAEL, and DUNCAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Emory Alvin Michau, Jr., Appellant Pro Se.  Donald John Zelenka, Chief Deputy Attorney General, Columbia, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Emory Alvin Michau, Jr., a state prisoner, seeks to appeal the district court's order denying his motion to reconsider[*] the denial of relief on his petition filed under 28 U.S.C. § 2254 (2000). The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Michau has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal

---

[*]Although the district court construed Michau's post-judgment motion as being filed under Fed. R. Civ. P. 59(e), the motion was filed more than ten days after entry of the judgment denying his habeas corpus petition. Thus, the motion should have been construed as one under Fed. R. Civ. P. 60(b). See In re Burnley, 988 F.2d 1, 2 (4th Cir. 1992) (distinguishing between Rule 59(e) and Rule 60(b) motions).

- 2 -

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED