**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 04-7053

_____

VENTURA GARCIA,

Plaintiff - Appellant,

versus

JOHNNIE SHUFFORD, ex-officer at McDowell
County Jail,

Defendant - Appellee.

_____

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville. Graham C. Mullen, Chief
District Judge. (CA-02-275)

_____

Submitted: September 8, 2004      Decided: September 28, 2004

_____

Before WILKINSON, LUTTIG, and TRAXLER, Circuit Judges.

_____

Remanded by unpublished per curiam opinion.

_____

Ventura Garcia, Appellant Pro Se.   Johnnie Shufford, Appellee
Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Ventura Garcia seeks to appeal from the district court's order entering judgment in his favor in his action filed pursuant to 42 U.S.C. § 1983 (2000). The notice of appeal in this case was received in the district court after expiration of the appeal period. However, Garcia dated his notice of appeal prior to the expiration of the appeal period. Under Houston v. Lack, 487 U.S. 266, 276 (1988), the notice is considered filed as of the date Garcia delivered it to prison officials for forwarding to the court. Because the record does not reveal when Garcia delivered his notice of appeal to prison authorities, we cannot determine whether the notice of appeal is timely.

The record is similarly unclear as to the date Garcia filed his motion for reconsideration of the court's order. Under Houston v. Lack, the motion to reconsider also is deemed filed as of the date the petitioner delivered it to prison officials for mailing to the court. See United States v. Duke, 50 F.3d 571, 575 (8th Cir. 1995). Although Garcia's motion to reconsider was received by the district court clerk more than one month after the district court's entry of judgment, the date on the motion is within ten days following entry of the district court's decision. See Fed. R. Civ. P. 6(a) (computation of time). The date Garcia delivered the motion to reconsider to prison officials must be ascertained by the district court because the timing of the filing

- 2 -

of that motion determines whether it is properly considered under Fed R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b).  See In re Burnley, 988 F.2d 1 (4th Cir. 1992).  Accordingly, we remand the case for the district court to determine the timeliness of the filing of the notice of appeal under Houston v. Lack.  In the event that the court concludes that Garcia's notice of appeal was timely filed, it must then determine whether Garcia's motion to reconsider was delivered to prison officials for mailing no later than the tenth day following the entry of the court's April 27, 2004 order.  The record, as supplemented, will then be returned to this court for further consideration.

REMANDED