### Charles HOYE, Petitioner—Appellant,

#### v.

### John CLARK, U.S. Marshal (Acting); John R. Long, Chief Probation Officer; United States Parole Commission, Respondents—Appellees.

#### No. 04–6668.

United States Court of Appeals, Fourth Circuit.

Submitted Oct. 6, 2004.

Decided Oct. 26, 2004.

Charles Hoye, Appellant pro se. Anita Claire Snyder, Office of the United States Attorney, Alexandria, Virginia, for Appellee.

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM.

Charles Hoye, a federal prisoner, appeals the district court's order denying his motion to reconsider* the court's denial of relief on his petition filed under 28 U.S.C. § 2241 (2000). We have reviewed the record and find no reversible error. Accordingly, we affirm on the reasoning of the district court. *See Hoye v. Clark,* Nos. CA–03–1029–A; CA–03–1361–A (E.D. Va. filed Feb. 2, 2004 & entered Feb. 3, 2004). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

Elvis George Moyer appeals the district court's order awarding $3500 in attorneys fees to Defendant, the prevailing party in this Title VII action. *See* 42 U.S.C. § 2000e–5(k) (2000); Fed.R.Civ.P. 54(d). We conclude that the district court did not abuse its discretion, and we affirm on the reasoning of the district court. *See Moyer v. Smurfit–Stone,* No. CA–00–581 (M.D.N.C. Apr. 2, 2004). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

* Although the district court construed Hoye's motion as a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e), the motion was filed more than ten days after entry of the judgment denying § 2241 relief. Thus, the motion should have been construed as one under Fed.R.Civ.P. 60(b). *See In re Burnley,* 988 F.2d 1, 3 (4th Cir.1992).