**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-7167

LATWANG REID,

Petitioner - Appellant,

versus

NORTH CAROLINA DEPARTMENT OF CORRECTION; SUPERINTENDENT, Warren Correctional Institution,

Respondents - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, Senior District Judge. (5:05-hc-00077-H)

Submitted: December 8, 2006          Decided: January 18, 2007

Before WILLIAMS, GREGORY, and DUNCAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Latwang Reid, Appellant Pro Se. Alvin William Keller, Jr., NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Latwang Reid seeks to appeal the district court's orders denying relief on his 28 U.S.C. § 2254 (2000) petition and denying his motion for reconsideration. With respect to the order denying Reid's § 2254 petition, we dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed. Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on March 22, 2006. Reid executed his "objections" on April 13, 2006, which were properly construed by the district court as a motion for reconsideration. Because Reid's motion for reconsideration was filed more than ten days after entry of judgment, the motion did not toll the period for appeal of the underlying judgment. Fed. R. App. P. 4(a)(4)(A); In re Burnley, 988 F.2d 1, 2-3 (4th Cir. 1993) (construing motion for reconsideration not filed within ten days of entry of judgment as motion under Rule 60(b)). Therefore, we

dismiss the appeal of the underlying judgment for lack of jurisdiction as the notice of appeal was not timely filed.

To the extent that Reid appeals the denial of relief on his motion for reconsideration, the order is not appealable unless a circuit justice of judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004).  A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2) (2000).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  We have independently reviewed the record and conclude that Reid has not made the requisite showing.  Accordingly, we deny a certificate of appealability and dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

- 3 -