**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-1431**

———————

WILLIE J. BENNETT,

Plaintiff - Appellant,

versus

ANTHONY J. PRINCIPI, Secretary Department of
Veterans Affairs Agency,

Defendant - Appellee.

———————

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Joseph R. McCrorey, Magistrate Judge.
(3:03-cv-03809-JRM)

———————

Submitted:  June 18, 2007          Decided:  July 11, 2007

———————

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

———————

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

———————

Willie J. Bennett, Appellant Pro Se.  Terri Hearn Bailey, OFFICE OF
THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willie J. Bennett sued his former employer, Anthony J. Principi, Secretary of the Department of Veterans Affairs, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e to 2000e-17 (2000), on December 3, 2003, alleging he was subjected to illegal workplace discrimination. He seeks to appeal the district court's order granting summary judgment to the Secretary and a subsequent order denying Bennett's several post judgment motions. We dismiss in part and affirm in part.

Parties in a civil action are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corr., 434 U.S. 257, 264 (1978).

Bennett did not note an appeal from the district court's September 2005 order awarding summary judgment to the Secretary until April 2006. The thirty-day appeal period was not extended or reopened. Nor did Bennett's post-judgment motions for a new trial and for reconsideration toll the time within which Bennett could timely appeal from the district court's judgment. Because these motions were not filed within ten days of entry of judgment, as required by Fed. R. Civ. P. 59(b), they are construed as arising

- 2 -

under Rule 60(b), <u>cf.</u>, <u>In re Burnley</u>, 988 F.2d 1,3 (4th Cir. 1992), and thus do not allow for review of the merits of the underlying judgment. <u>Browder v. Director</u>, 434 U.S. 257, 263 n.7 (1978). Accordingly, because Bennett failed to note a timely appeal from the September 2005 order, this court lacks jurisdiction to review it. We therefore dismiss the appeal as untimely as to that order.

Bennett's notice of appeal is timely, however, as to the district court's March 2006 order denying his several post-judgment motions. Bennett's informal brief challenges only the denial of his motion to certify a class action. We have reviewed the record and find no reversible error in the denial of that motion. Accordingly, we affirm for the reasons stated by the district court. <u>Bennett v. Principi</u>, No. 3:03-cv-03809-JRM (D.S.C. Mar. 7, 2006). Further, we deny the motions to join as a member of a class action submitted by Theron Foster and Patricia Murray. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>
