**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-6134**

_____

JAMES E. ANDERSON,

　　　　　Plaintiff - Appellant,

　　　v.

BERNARD MCKIE, Warden; J. C. BROWN, Captain and Disciplinary
Hearing Officer; SAM LATTA; JOINER, Associate Warden; L. BAILEY,
Lieutenant; KEVIN MOORE, Counselor; MARY SIMPSON, Manager; PAUL
DENNIS,　　Counselor; STEVE WOODWORK, Counselor; M. SHIVERS,
Sergeant; VAUGHN JACKSON, Major,

　　　　　Defendants - Appellees.

_____

Appeal from the United States District Court for the District of
South Carolina, at Greenville.　Margaret B. Seymour, District
Judge.　(6:07-cv-01129-MBS)

_____

Submitted:　March 25, 2010　　　　　　Decided:　April 8, 2010

_____

Before KING, SHEDD, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

James E. Anderson, Appellant Pro Se.　William Henry Davidson,
II, Matthew Blaine Rosbrugh, DAVIDSON, MORRISON & LINDEMANN, PA,
Columbia, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James E. Anderson appeals the district court's order denying his motion to alter or amend, in which Anderson sought relief from the district court's order granting summary judgment to the Defendants in this 42 U.S.C. § 1983 (2006) action. The district court found that Anderson's motion was untimely under Fed. R. Civ. P. 59(e). Because Anderson filed the motion outside the ten-day time period of Rule 59(e),[*] the court should have construed the motion as filed pursuant to Fed. R. Civ. P. 60(b). See In re Burnley, 988 F.2d 1, 2-3 (4th Cir. 1992). Because Anderson's motion merely addressed the merits of the underlying § 1983 action and satisfied none of the criteria for granting relief under Rule 60(b), we affirm. See Heyman v. M.L. Mktg. Co., 116 F.3d 91, 94 (4th Cir. 1997); Burnley, 988 F.2d at 3. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] In December 2009, Rule 59(e) was amended to extend the relevant time period to twenty-eight days. Anderson's motion to alter or amend was filed in 2008, and the ten-day time period of former Rule 59(e) applies.