Unpublished opinions are not binding precedent in this circuit.
PER CURIAM:
In this appeal, federal inmate Jean B. Germain (Germain) argues that the district court issued an unlawful prefiling injunction in a prior case and, therefore, abused its discretion in the present case in relying on that injunction to administratively close his present action. Alternatively, Germain contends that the district court incorrectly applied the terms of. the prefiling injunction in the present case.[1]
We hold that we lack jurisdiction to entertain Germain’s request that we review the merits of the prefiling injunction, which was entered ten months before the present action was filed. To the extent that Germain seeks to modify the terms of, or vacate, the injunction entered in that earlier matter, he must do so through a motion under Rule 60(b) of the Federal Rules of Civil Procedure. However, we further hold that the district court erred in administratively closing the present case, because the court failed to apply the specific terms of the prefiling injunction order. Accordingly, we vacate the district court’s judgment, and remand the case for further consideration. We also deny Germain’s request that *170 his case be assigned to a different district court judge.
I.
Between 2009 and 2015, Germain, an inmate at the North Branch Correctional Institute (NBCI) in Cumberland, Maryland, filed at least sixteen lawsuits against NBCI staff and officials in the federal district courts in Maryland.[2] In August 2018, Germain filed one of these lawsuits (the Shearin action) against the Warden of NBCI, who at that time was Bobby P. Shearin, alleging that Shearin violated state and federal laws by: (1) failing to provide Germain with three wholesome meals per day; (2) placing a substantial burden on his religious practices; and (3) denying him sufficient access to state administrative remedy procedures.
In July 2014, Germain filed a “Motion to Chief Judge Deborah K. Chasanow,” requesting that Judge Chasanow, then-Chief Judge for the United States District Court for the District of Maryland, direct that Germain’s civil rights cases be assigned on a pro rata basis to judges other than Senior District Judge J. Frederick Motz, who was presiding over the Shearin action. Judge Motz construed Germain’s filing as a motion for recusal, and denied the motion.
In its order denying the recusal motion, the district court concluded that Germain’s request “demonstrate[d] the need for a different remedy.” Citing the court’s obligation and power to protect itself from the abusive filing of frivolous and repetitive claims, the court imposed a prefiling injunction against Germain (the prefiling injunction order), limiting the number of active cases Germain could maintain in the district court to two.
The court stated in its 2014 order that Germain’s litigation practices, which often included “numerous motions,” had “become vexatious,” placing a burden upon the court and “other litigants with whom the court must share its resources.” The court further explained that while it would not “absolutely foreclose or enjoin [Ger-main] from initiating an action,” the court would “limit the number of active cases filed by [Germain] to ensure that process is available to him without taxing the time and resources of the court or hindering the court from fulfilling its constitutional duty.” Despite these general findings, the court did not identify any particular pleadings or particular cases filed by Germain that were frivolous, vexatious, malicious, harassing, duplicative, or otherwise abusive of the judicial process. Germain did not file a motion for reconsideration of the prefiling injunction order, nor did he file an appeal challenging the court’s entry of that order.[3]
*171 In May 2015, about ten months after the district court entered the prefiling injunction order, Germain initiated the present lawsuit under 42 U.S.C. § 1983 against the Warden of NBCI, who at the time was Frank Bishop, and certain other NBCI officials (collectively, the defendants). Ger-main alleged that he was denied due process: (1) when prison officials disciplined him after finding that he had assaulted a staff member and had “breached” the food slot on his cell door; and (2) when prison officials limited him to one hour of outdoor exercise and two fifteen-minute showers per week. Additionally, Germain alleged that NBCI policies and prison conditions caused him mental and physical harm, that a correctional officer had raped him, and that prison officials were deliberately indifferent to his mental health needs. Along with his complaint, Germain also filed a motion seeking a preliminary injunction to obtain the following relief: (1) that he be allowed to exercise for five hours per week; (2) that correctional staff be prohibited from ignoring medical orders that he be handcuffed a certain way; and (3) that mental health staff provide him necessary treatment.
Two weeks after the complaint was filed, the district court addressed Germain’s motion for preliminary injunctive relief. At the outset, the court cited the existing prefiling injunction order and stated that Germain was “the subject of an order requiring administrative closure of newly filed complaints in the event plaintiff already has an open, active case.” The court also observed that Germain had one other active case pending before the court, and three other cases that had been administratively closed pursuant to the prefiling injunction order.
In addressing the merits of Germain’s motion for a preliminary injunction, the district court first explained that Germain was unlikely to succeed on his due process claims, because “[fjederal courts do not review the correctness of a disciplinary hearing officer’s findings of fact.”[4] The court also held that Germain’s claim that one hour of outdoor exercise per week is unconstitutional was “weak at best.” Finally, the court concluded that Germain’s claim that the mental health staff had been indifferent to his need for treatment amounted to a disagreement with medical assessments made by prison officials, which assessments the court would not “second guess.”
The district court accordingly denied Germain’s request for a preliminary injunction, and administratively closed the case “until such time as plaintiff has no other active pending cases before this court.” Thus, the district court did not dismiss Germain’s complaint.
Germain filed a timely motion for reconsideration of both the district court’s denial of his motion for a preliminary injunction and the court’s decision to administratively close his case. The district court denied Germain’s request for reconsideration. Germain timely filed an appeal to this Court.
II.
Germain makes two arguments on appeal challenging the district court’s administrative closure of his case.[5] Germain first *172 asserts that the district court abused its discretion in administratively closing his case because the prefiling injunction was substantively invalid. He contends that before entering the prefiling injunction, the court was required, but failed, to identify as frivolous or abusive any specific pleadings or lawsuits that Germain had filed. Alternatively, Germain contends that even if the prefiling injunction was valid, the district court erred in failing to apply its specific terms, which permitted him to maintain two active cases on the district court’s docket. Thus, Germain asks this Court to vacate the prefiling injunction order, and to reverse the district court’s order administratively closing the present case. Additionally, Germain requests that we order that his cases be assigned to a different district court judge on remand. The defendants primarily respond that we lack jurisdiction to consider the validity of the prefiling injunction’s terms, because Germain failed to appeal that order at the time it was entered in connection with the Shearin action.
A.
Initially, we agree with the defendants that we lack jurisdiction to consider the merits of the prefiling injunction, which Germain failed to appeal in a timely manner at the time of its entry. Parties generally must note an appeal within thirty days after the entry of the district court’s order or final judgment. See Fed. R. App. P. 4(a)(1)(A). Under the Supreme Court’s longstanding precedent, “the timely filing of a notice of appeal in a civil case is a jurisdictional requirement.” Bowles v. Russell, 551 U.S. 205, 209, 214, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007); see 28 U.S.C. § 2107(a). However, if a party files a motion under Rule 60(b) within a reasonable time, a “court may relieve a party” from an order or a final judgment if, among other things: (1) “the judgment is void”; (2) “applying [the judgment] prospectively is no longer equitable”; or (3) there exists “any other reason that justifies relief.” Fed. R. Civ. P. 60(b)(4)-(6), (c)(1).
We have applied these principles in a very similar case involving an inmate’s challenge to the merits of a prefiling injunction. In In re Burnley, 988 F.2d 1 (4th Cir. 1992), the district court had imposed a prefiling injunction against John Rodgers Burnley (Burnley), who had “filed over fifty civil rights suits under 42 U.S.C. § 1983 against countless defendants” over the course of about nine years. Id. at 2. Under the terms of that injunction, the clerk of court was directed to process only one of Burnley’s cases at a time unless there existed a “bona fide emergency.” Id. Burnley failed to appeal the order imposing the prefiling injunction. Id.
More than one year after the district court imposed the prefiling injunction restricting Burnley’s litigation practices, Burnley filed a motion requesting that the court allow him to maintain at least two active civil cases. Id. The district court construed this motion as a motion for reconsideration. Id. at 2-3 & n.3. After the court denied his motion, Burnley filed a timely notice of appeal. Id. at 2. On appeal to this Court, Burnley argued that the district court abused its discretion by applying the prefiling injunction, and “that assessment of the merits of his motion *173 necessarily require[d] consideration of the underlying order.” Id.
We rejected Burnley’s argument, and held that because Burnley had “failed to perfect a timely appeal from [an] initial order imposing [a] pre-filing review system on him, this Court lack[ed] jurisdiction to consider his attack on that order.” Id. at 2-3. We further explained that construing Burnley’s motion as a Rule 60(b) motion did not provide a basis for our review of the merits of the underlying injunction, because our review was limited to the grounds set forth in Rule 60(b). Id. at 3.
Like Burnley, Germain asks us to review the merits of a prefiling injunction that he failed to appeal at the time of its entry. Our holding in Burnley precludes such review. See id. at 2. As noted above, the Supreme Court has emphasized that “the timely filing of a notice of appeal in a civil case is a jurisdictional requirement.” Bowles, 551 U.S. at 214, 127 S.Ct. 2360. The broad holding that Germain seeks would undermine this strict jurisdictional requirement, without providing any principle restricting its application in other civil cases.
Our conclusion is not altered by the fact that the injunction at issue was enforced in a subsequent case, as opposed to the ease in which it originally was entered. For purposes of this appeal, this is a distinction without a difference. A litigant who fails to appeal from a judgment should not be given unlimited opportunities to challenge the substance of that judgment at the time of his choosing. Yet that is the very result that Germain seeks here. Accordingly, we hold that to the extent that Germain bases his appeal of the court’s administrative closure of his case on a challenge to the merits of the prefiling injunction order, we lack jurisdiction to conduct such a review. See Burnley, 988 F.2d at 2-3.
While Germain’s failure to appeal the prefiling injunction order precludes our review of the merits of that order, Germain nonetheless may seek relief from the pre-filing injunction by filing a motion under Rule 60(b). See Fed. R. Civ. P. 60(b). However, a Rule 60(b) motion is not a substitute for a timely appeal. Burnley, 988 F.2d at 3. Any request for relief that Ger-main makes under Rule 60(b) must be based on one or more of the grounds specified in that Rule.[6]
B.
We next address Germain’s argument that the district court erred in failing to correctly apply the terms of the prefil-ing injunction order, which permitted Ger-main to maintain two active cases on the district court’s docket at any one time. The prefiling injunction order stated, in relevant part: “The cases most recently filed by [Germain] in which there has been no response shall be administratively closed until such time as the number of active cases [Germain] has pending before this court are reduced to two.” (Emphasis added) (footnotes omitted). Accordingly, the terms of the prefiling injunction order allowed Germain to maintain two active *174 cases on the district court’s docket.[7]
After referencing the prefiling injunction order, however, the court administratively closed Germain’s case because he already had one active case pending. This application of the prefiling injunction order was not reasonable because, as stated above, that order specifically permitted Germain to maintain two active cases at any given time. We therefore conclude that the court erred in administratively closing the present case on the basis that Germain had one active case pending on the court’s docket. See generally JTH Tax, Inc. v. H & R Block E. Tax Servs., Inc., 359 F.3d 699, 706 (4th Cir. 2004) (“[T]o sustain appellate review, district courts need only adopt a reasonable construction of the terms contained in their orders.”). Accordingly, we vacate the court’s order administratively closing the present case, and remand the case to the district court for further consideration.
III.
Finally, we address Germain’s request that this Court direct that all of Germain’s lawsuits be assigned to a different district judge. We may assign a case to a different judge on remand pursuant to our authority to “require such further proceedings to be had as may be just under the circumstances.” Liteky v. United States, 510 U.S. 540, 554, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (quoting 28 U.S.C. § 2106). We will reassign a case to a different judge on remand only in the “unusual circumstances” when “both for the judge’s sake and the appearance of justice an assignment to a different judge is salutary and in the public interest, especially as it minimizes even a suspicion of partiality.” United States v. Nicholson, 611 F.3d 191, 217 (4th Cir. 2010) (quoting United States v. Guglielmi, 929 F.2d 1001, 1007 (4th Cir. 1991)). When determining whether reassignment is warranted, we consider:
(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously expressed views or findings determined to be erroneous or based on evidence that must be rejected; (2) whether reassignment is advisable to preserve the appearance of justice; and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.
Id. (internal quotation marks and citations omitted).
We discern no facts in the present record that warrant reassigning Germain’s case under any of the three factors outlined above. Likewise, we have not identified any facts that could call into question the district judge’s impartiality. Accordingly, we decline to assign Germain’s cases to a different judge on remand.
IV.
For these reasons, we vacate the district court’s judgment and remand the case to the district court for further proceedings consistent with the principles expressed in this opinion.
VACATED AND REMANDED

. Germain also requests that all his cases be assigned to a different district judge.

. See Germain v. Bishop, 1:15-cv-1421 (D. Md.); Germain v. Miller, 1:15-cv-349 (D. Md.); Germain v. Haselbach, 1:14-cv-2729 (D. Md.); Germain v. Watson, 1:14-cv-2383 (D. (Continued) Md.); Germain v. Watson, 1:14-cv-1800 (D. Md.); Germain v. Oakley, 1:14-cv-1536 (D. Md.); Germain v. Shearin, 1:13-cv-3892 (D. Md.); Germain v. Shearin, 1:13-cv-2267 (D. Md.); Germain v. Wexford Health Sources, Inc., 1:13-cv-382 (D. Md.); Germain v. Arnold, 1:12-cv-3240 (D. Md.); Germain v. Metheny, 1:12-cv-1882 (D. Md.); Germain v. Smith, 1:12-cv-1274 (D. Md.); Germain v. Shearin, 1:12-cv-1255 (D. Md.); Germain v. Shearin, 1:11-cv-1613 (D. Md.); Germain v. Nastri, 1:11-cv-810 (D. Md.); Germain v. Shearin, 1:09-cv-3097 (D. Md.).

. In December 2014, the court resolved the Shearin action, by granting summary judgment in Shearin's favor. This Court affirmed the district court’s judgment, holding that Germain had failed to exhaust Inis claims administratively before initiating the Shearin action. Accordingly, we dismissed that appeal without prejudice. See Germain v. Shearin, 653 Fed.Appx. 231, 234-35 (4th Cir. 2016).

. The court also considered Germain’s motion for leave to proceed in forma pauperis, and granted the motion “subject to assessment of fees at a later date.”

. We note that orders administratively closing a case are not appealable final orders in some instances. See Penn-Am. Ins. Co. v. Mapp, 521 F.3d 290, 295-96 (4th Cir. 2008). Never- ' theless, we are satisfied that under the unique circumstances presented in this case, we have *172 jurisdiction over Germain’s appeal from the district court’s order administratively closing his case for an indefinite period of time. See Muhammad v. Warden, Balt. City Jail, 849 F.2d 107, 110 (4th Cir. 1988) (holding that an order administratively closing a prisoner’s 42 U.S.C. § 1983 case for an indefinite period of time is appealable as either a collateral order or an order with "practical finality”).

. In such a motion, if pertinent to any of the bases for relief he may seek under Rule 60(b), Germain may draw on various factors we have considered regarding prefiling injunctions, including that: (1) a prefiling injunction is a "drastic remedy” to be employed sparingly; (2) a prefiling injunction must be narrowly tailored; (3) a court should impose a prefiling injunction only after determining that a litigant "has filed vexatious, harassing, or dupli-cative lawsuits” that were not pursued in good faith, resulting in a burden placed on the court and on other parties; and (4) the existence and adequacy of less restrictive sanctions. See Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817-19 (4th Cir. 2004).

. While the defendants state that the prefiling injunction order limits Germain to one active case, the defendants do not cite any language from the court's order supporting such an assertion, and we discern none.