**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 05-7496**

—————

WILLIE A. BROWN,

                                        Plaintiff - Appellant,

        versus

GENE JOHNSON, Director of the Department of
Corrections of Virginia; HELEN F. FAYHEY,
Chairwoman for the Virginia Parole Board,

                                        Defendants - Appellees.

—————

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Claude M. Hilton, District
Judge.  (CA-05-622-1)

—————

Submitted:  January 31, 2006        Decided:  February 27, 2006

—————

Before WILKINSON, MICHAEL, and GREGORY, Circuit Judges.

—————

Affirmed as modified by unpublished per curiam opinion.

—————

Willie A. Brown, Appellant Pro Se.

—————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Willie A. Brown, a Virginia inmate, appeals the district court's order dismissing his claims under 42 U.S.C. § 1983 (2000). We modify the district court's order to dismiss the case with prejudice and affirm the district court's order as modified.

Brown claimed that the Virginia Parole Board ("Board") exceeded its statutory authority by denying him parole based on an improper standard of review. The district court dismissed Brown's case as improperly filed because it believed the action should have been filed as a petition under 28 U.S.C. § 2254 (2000). Brown filed a motion for reconsideration that the district court construed as a motion under Fed. R. Civ. P. 60(b). However, because the motion was filed within ten days of the district court's order,* it is more properly construed as a Fed. R. Civ. P. 59(e) motion. See In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992). Brown's timely Rule 59(e) motion tolled the appeal period for appealing the underlying order until after the denial of the motion for reconsideration. Fed. R. App. P. 4(a)(4); see also Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978). Therefore, we possess jurisdiction to rule on the merits of the underlying order.

A civil rights action under § 1983 is the appropriate vehicle to challenge the conditions of confinement, but not the

---

*Applying Fed. R. Civ. P. 6(a), which excludes weekends from the time calculation, Brown's motion for reconsideration was filed within ten days of the district court's order.

fact or length of the confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973). In order to challenge the fact or duration of his confinement, a state prisoner must seek federal habeas corpus relief or the appropriate state relief. Wilkinson v. Dotson, 544 U.S. 74, 125 S. Ct. 1242, 1245 (2005).

The district court concluded that if it granted Brown's desired relief, "it would immediately call into question his denial of parole and in turn the length of his confinement." However, the Supreme Court came to the opposite conclusion in Wilkinson. In Wilkinson, inmate Johnson filed a § 1983 action to challenge the state procedures used to deny him parole. Johnson claimed the Ohio Parole Board used an improper set of guidelines in its decision making. Wilkinson, 125 S. Ct. at 1245. The Court held that he could pursue his claim under § 1983 because success for Johnson "means at most a new parole hearing at which Ohio parole authorities may, in their discretion, decline to shorten his prison term." Id. at 1248. In this case, Brown likewise challenges the methodology used by the Board in determining his parole. Specifically, he asserts that the Board relied on a legally impermissible standard — the seriousness of his offense — as a basis for denying him parole. Just as in Wilkinson, if Brown succeeds it would at most result in a new parole hearing where the Board would retain its full discretion to deny parole. Because Brown's claim even if successful would not necessarily result in a

speedier release, it does not lie at "the core of habeas corpus," and may be brought in a § 1983 action.  <u>Preiser</u>, 411 U.S. at 489; <u>Wilkinson</u>, 125 S. Ct. at 1248.

Nonetheless, we affirm the order of the district court because Brown is precluded from relief under § 1983 as a matter of law.  <u>See</u> <u>United States v. Smith</u>, 395 F.3d 516, 518-19 (4th Cir. 2005) (holding appellate court may affirm on any ground apparent from the record).  Brown claims that the Board improperly used the seriousness of his offense to deny him parole.  We have held that reliance on the seriousness of the offense is a proper standard for parole decisions.  <u>See</u> <u>Bloodgood v. Garaghty</u>, 783 F.2d 470, 472, 475 (4th Cir. 1986); <u>see also</u> <u>Greenholtz v. Inmates of the Nebraska Penal & Corr. Complex</u>, 442 U.S. 1, 11, 15-16 (1979).  Brown's argument under § 1983 fails as a matter of law.

Accordingly, we modify the district court's order to dismiss the case with prejudice and affirm the district court's order as modified.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED AS MODIFIED</u>