**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-6258**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

LEON PRATER,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., Senior District Judge. (5:10-cr-00041-FPS-JES-1; 5:12-cv-00076-FPS-JES)

———————

Submitted: July 31, 2014          Decided: August 8, 2014

———————

Before MOTZ, GREGORY, and WYNN, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Leon Prater, Appellant Pro Se. John Castle Parr, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leon Prater seeks to appeal the district court's order adopting the magistrate judge's recommendation and denying his 28 U.S.C. § 2255 (2012) motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order denying Prater's § 2255 motion was entered on the docket on December 11, 2013. The notice of appeal was filed on February 11, 2014.[*] Because Prater failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the

---

[*] For the purpose of this appeal, we assume that the date Prater signed the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

appeal of the district court's December 11 order denying Prater's § 2255 motion.

Prater also appeals the district court's January 29, 2014 order denying his motion for reconsideration. Because this motion was filed more than twenty-eight days after the district court entered the judgment denying the § 2255 motion, it should have been treated as a Fed. R. Civ. P. 60(b) motion. In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992); see also Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978) (providing that motion should be treated as Rule 59(e) motion if filed within time period prescribed by rule, "however it may be formally styled"). Accordingly, we construe the motion for reconsideration as a Fed. R. Civ. P. 60(b) motion.

The district court's order denying the Rule 60(b) motion is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012); Reid v. Angelone, 369 F.3d 363, 368-69 (4th Cir. 2004). On appeal, as in the district court, Prater seeks review of the merits of his § 2255 motion. Prater's request for relief amounts to an unauthorized successive § 2255 motion. United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003). Accordingly we deny a certificate of appealability and dismiss the appeal as to the January 29 order.

Additionally, we construe Prater's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. Id. at 208. In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h) (2012). Prater's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED