**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-7728

MICHAEL FORMICA,

                    Petitioner - Appellant,

          v.

SUPERINTENDENT OF THE CENTRAL VIRGINIA REGIONAL JAIL; WARDEN
OF THE POCAHONTAS STATE CORRECTIONAL CENTER,

                    Respondents - Appellees.

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke.  Michael F. Urbanski, District
Judge.  (7:14-cv-00357-MFU-JCH)

Submitted:  March 15, 2016          Decided:  March 29, 2016

Before KING, AGEE, and THACKER, Circuit Judges.

Dismissed in part, vacated in part, and remanded by unpublished
per curiam opinion.

Michael Formica, Appellant Pro Se.  John Chadwick Johnson,
Christopher Carey Newton, FRITH, ANDERSON & PEAKE, PC, Roanoke,
Virginia; Lauren Catherine Campbell, OFFICE OF THE ATTORNEY
GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Formica seeks to appeal the district court's September 21, 2015 order accepting the recommendation of the magistrate judge and denying relief on Formica's 28 U.S.C. § 2254 (2012) petition; the court's October 16, 2015 order denying Formica's first Fed. R. Civ. P. 59(e) motion; and the court's October 27, 2015 order denying two subsequent Rule 59(e) motions and dismissing as successive and unauthorized two Fed. R. Civ. P. 60(b) motions.[*]

The September 21 and October 16 orders and the portion of the October 27 order denying Formica's second and third Rule 59(e) motions are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would

---

[*] It is the "longstanding practice of courts to classify pro se pleadings from prisoners according to their contents, without regard to their captions." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003). The two Rule 60(b) motions are the ones Formica delivered to prison officials for mailing to the court after the October 19 deadline for filing Rule 59(e) motions. See Fed. R. Civ. P. 59(e); Houston v. Lack, 487 U.S. 266, 276 (1988); In re Burnley, 988 F.2d 1, 2-3 (4th Cir. 1992).

find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Formica has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss Formica's appeal of the September 21 and October 16 orders and the portion of the October 27 order denying Formica's second and third Rule 59(e) motions.

A certificate of appealability, however, is not required in the limited circumstance in which the district court dismisses a Rule 60(b) motion as an unauthorized, successive habeas petition. United States v. McRae, 793 F.3d 392, 400 (4th Cir. 2015). Accordingly, we may review the portion of the district court's October 27 order dismissing Formica's Rule 60(b) motions as successive and unauthorized.

"[A] Rule 60(b) motion in a habeas proceeding that attacks the substance of the federal court's resolution of a claim on the merits is not a true Rule 60(b) motion, but rather a

3

successive habeas petition," and is therefore subject to the preauthorization requirement of 28 U.S.C. § 2244(b)(3)(A) (2012) for successive applications. McRae, 793 F.3d at 397 (internal quotation marks omitted). By contrast, "[a] Rule 60(b) motion that challenges some defect in the integrity of the federal habeas proceedings . . . is a true Rule 60(b) motion, and is not subject to the preauthorization requirement." Id. (internal quotation marks omitted). Where, however, a motion "presents claims subject to the requirements for successive applications as well as claims cognizable under Rule 60(b)," it is properly characterized as a mixed Rule 60(b)/§ 2254 petition. Id. at 400 (internal quotation marks omitted).

In his Rule 60(b) motions, Formica not only directly attacked his convictions and sentence but he also sought remedies for perceived flaws in the § 2254 proceeding. Specifically, he argued that his claims were not procedurally defaulted and that the court erred in denying him an extension of time to file objections to the magistrate judge's report and recommendation, failing to consider the merits of his claims, failing to hold an evidentiary hearing, and failing to appoint counsel. Accordingly, we conclude that Formica's motions are properly construed as mixed Rule 60(b)/§ 2254 petitions.

In McRae, we reaffirmed our prior holding that, when the applicant files a mixed Rule 60(b)/§ 2254 petition, "'the

4

district court should afford the applicant an opportunity to elect between deleting the improper claims or having the entire motion treated as a successive application.'" 793 F.3d at 400 (quoting Winestock, 340 F.3d at 207). Here, the district court did not afford Formica that opportunity. We therefore grant Formica leave to proceed in forma pauperis, deny his motion to place this appeal in abeyance, vacate the portion of the district court's October 27 order dismissing his Rule 60(b) motions, and remand for further proceedings.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART,
VACATED IN PART,
AND REMANDED