PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

CALVARY CHRISTIAN CENTER,

　　　　　*Plaintiff-Appellant,*

　　　　　v.

CITY OF FREDERICKSBURG, VIRGINIA,

　　　　　*Defendant-Appellee.*

No. 12-1119

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
John A. Gibney, Jr., District Judge.
(3:11-cv-00342-JAG)

Argued: January 29, 2013

Decided: March 15, 2013

Before NIEMEYER, DUNCAN, and FLOYD,
Circuit Judges.

Affirmed by published opinion. Judge Niemeyer wrote the opinion, in which Judge Duncan and Judge Floyd joined.

## COUNSEL

**ARGUED:** Erik William Stanley, ALLIANCE DEFENDING FREEDOM, Leawood, Kansas, for Appellant. Jennifer Lee Parrish, PARRISH, HOUCK & SNEAD, PLC, Fredericksburg, Virginia, for Appellee. **ON BRIEF:** Matthew D.

Fender, MCGUIREWOODS, LLP, Richmond, Virginia, for Appellant.

---

## OPINION

NIEMEYER, Circuit Judge:

Challenging the district court's procedural rulings, Calvary Christian Center of Fredericksburg, Virginia, contends that the district court abused its discretion in denying its motion for leave to amend its complaint, which was filed after the court had dismissed its original complaint, and in denying its motion for reconsideration. It argues that the court erroneously failed to conduct an "analysis as to whether the proposed amendment [was] prejudicial, in bad faith, or would be futile" and to take a liberal approach to amendment, as required by Federal Rule of Civil Procedure 15.

In making its argument, however, Calvary fails to take account of the fact that it filed its motion to amend after its complaint had been dismissed, and there was simply no longer any complaint pending to amend. Calvary never made an effort to open or vacate the judgment under Rule 60(b), and we reject its argument that the district court should have construed its motion for reconsideration as a motion to vacate under Rule 60(b). Accordingly, we affirm.

I

Calvary Christian Center, which had been operating a before-school and after-school daycare program, sought to extend its program in 2010 to include a day school for emotionally and mentally disabled children. Its application to the City of Fredericksburg for the necessary special use permit was, however, rejected by the city council.

Calvary thereafter filed a complaint against the City, alleging that the City's denial of the special use permit violated (1) the Americans With Disabilities Act; (2) the Rehabilitation Act; (3) the Religious Land Use and Institutionalized Persons Act; (4) the Free Exercise Clause of the First Amendment; and (5) the Free Speech Clause of the First Amendment.

The City filed a motion to dismiss the complaint for failure to state a claim, and, on November 21, 2011, the district court entered an order granting the motion. The court found that Calvary lacked standing to assert claims under the Americans with Disabilities Act and the Rehabilitation Act; that Calvary did not allege that operating the school amounted to a religious activity, which the court found was fatal to its claims under the Religious Land Use and Institutionalized Persons Act and Free Exercise Clause; and that Calvary's free speech claim was defective because operating the school was not expressive conduct, the City's zoning ordinance was content neutral, and the zoning regulations were neither vague nor overbroad. Calvary did not timely appeal the court's order of dismissal.

Rather than appeal, Calvary filed a "Motion for Leave to File Amended Complaint" on December 21, 2011. In its motion, it argued that its proposed amended complaint should be allowed under the well-established standards of Rule 15—*i.e.*, that the amended complaint was not futile, would not prejudice the City, and was offered in good faith. By order dated December 22, 2011, the court denied the motion for leave to amend, stating:

> This matter is before the Court on the plaintiff's motion for leave to file an amended complaint. This case was dismissed on November 21, 2011.

A week later, on December 29, 2011, Calvary filed a "Motion for Reconsideration of Denial of Motion for Leave to File Amended Complaint or in the Alternative for an Extension of

Time to File Notice of Appeal." In the portion of the motion requesting reconsideration, Calvary urged the court to reconsider its December 22 order denying leave to amend because the original dismissal order "did not state that the Plaintiff could not seek leave to amend its Complaint to allege additional facts to support its claims." The court denied the motion for reconsideration by order dated December 29, 2011, and on January 18, 2012, after further briefing, denied Calvary's request for an extension of time to file a notice of appeal from the November 21, 2011 order of dismissal.

On January 19, 2012, Calvary filed this appeal as to (1) the November 21, 2011 order of dismissal; (2) the December 22, 2011 order denying Calvary's motion for leave to file an amended complaint; and (3) the December 29, 2011 order denying its motion for reconsideration. On the City's motion, we dismissed Calvary's appeal of the November 21 order, finding it untimely under Federal Rule of Appellate Procedure 4(a)(1)(A). Therefore, only the December 22 and December 29 orders are before us.

II

Calvary contends that the district court "abused its discretion by denying [its December 21] motion for leave to amend without specifying any reason for the denial." It insists that the four-sentence order entered by the district court amounted to an abuse of discretion because the district court never conducted "its own independent analysis as to whether the proposed amendment [was] prejudicial, in bad faith, or would be futile."

While Calvary invokes the proper standards for deciding whether to grant a motion to amend a complaint under Rule 15, *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *Laber v. Harvey*, 438 F.3d 404, 426-27 (4th Cir. 2006) (en banc), its argument fails to account for the fact that when the district court ruled on its motion, the complaint that Calvary sought

to amend had already been dismissed and that the order of dismissal had become final and unappealable. The district court, in denying leave to amend, gave precisely this reason. Its order stated, "This matter is before the Court on the plaintiff's motion for leave to file an amended complaint. This case was dismissed on November 21, 2011."

We have repeatedly held that a motion to amend filed after a judgment of dismissal has been entered cannot be considered until the judgment is vacated. *See Laber*, 438 F.3d at 427 ("[T]he district court may not grant the post-judgment motion [to amend] unless the judgment is vacated pursuant to Rule 59(e) or [Rule] 60(b)"); *Mayfield v. NASCAR*, 674 F.3d 369, 378 (4th Cir. 2012) ("[T]he district court may not grant [a Rule 15(a)] motion unless the judgment is vacated pursuant to Rule 59(e) or Rule 60(b)" (alterations in original) (citation omitted)); *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 (4th Cir. 2011) (same). Because Calvary did not file a motion to vacate the district court's judgment of dismissal, we have no occasion to consider whether the district court correctly applied Rule 15 standards.

As an alternative argument, not raised below, Calvary maintains that even though it did not file a Rule 60(b) motion in the district court to vacate the earlier judgment of dismissal, the court should have "construed" its December 29 motion for reconsideration of the denial of its motion to amend as a Rule 60(b) motion, citing *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992) (per curiam). Calvary's motion for reconsideration, however, never recognized that a judgment of dismissal had been entered, nor did it include a request that the court reopen or vacate it. Rather, the motion focused on why the court should have given it leave to amend its complaint. In short, Calvary never put the district court on notice that it was making a Rule 60(b) motion. To now suggest that the district court should have construed Calvary's motion for reconsideration as a Rule 60(b) motion to vacate implies that the court should have ignored the plain meaning of the words

in the motion and similarly should have, on its own, addressed the explicit requirements of Rule 60(b).

The Federal Rules of Civil Procedure cannot be so loosely invoked. Each Rule serves a procedural purpose that fits into the larger function of providing an orderly process to adjudicate actions. When, in an action, the plaintiff wishes to amend its complaint, Rule 15 governs the process. But when the action has been dismissed, there is no pending complaint to amend. To proceed with a different complaint than that filed originally, a plaintiff can either open the judgment under Rule 60 and then file a motion to amend or commence a new action. Calvary did neither. Rather, it filed a motion to amend a complaint that had already been dismissed by a final judgment without making any request to open the judgment and without giving any reason why the judgment should have been vacated.

For that reason, Calvary's reliance on *In re Burnley* is misplaced. There, the *pro se* plaintiff filed a post-judgment motion, which was "unnamed" and did not refer to any specific Rule. Because the motion asked the court "to give full consideration of uplifting its [prior final] ORDER," 988 F.2d at 2 n.3, we construed it as a Rule 60(b) motion to vacate. In doing so, we were guided by what was requested—reconsideration of an earlier final order—and thus applied the Rule 60(b) standards; we did not undertake to reconstrue the language of the motion to be seeking some other unspecified relief, as Calvary does here. We concluded that "[n]owhere in the motion [did] Burnley set forth any grounds for granting the motion" under Rule 60(b) and therefore held that the district court did not abuse its discretion in denying the motion. *Id.* at 3.

Likewise here, if we consider the request made by the language of Calvary's motion for reconsideration, as well as its reasons for the request, we must conclude that Calvary neither recognized nor satisfied the requirements of Rule 60(b). To

conclude otherwise would require us to have the district court ignore the language of the motion for reconsideration and substitute for it some hypothetical language that would give reasons why the earlier judgment should be vacated. This would require district courts to litigate on behalf of the parties before them.

Finally, Calvary contends that we should follow our decision in *Katyle* and treat his Rule 15 motion to amend as a Rule 60(b) motion, even if it was not so labeled, because disposition of either motion would require application of the same standard. He concludes that because "Rule 15(a) and Rule 59(e) motions rise and fall together," we need only determine whether his Rule 15 motion "was proper." *See Katyle*, 637 F.3d at 471 ("To determine whether vacatur is warranted, however, the court need not concern itself with [Rule 59(e) or Rule 60(b)'s] legal standards. The court need only ask whether the amendment should be granted" under Rule 15 standards). Our language in *Katyle*, however, was addressed to a circumstance where the plaintiff *did* seek to set aside the judgment of dismissal and, at the same time, to file an amended complaint. After the district court entered an order dismissing the complaint under Rule 12(b)(6), the plaintiffs filed a "motion for reconsideration," in which they also requested permission to file a third amended complaint. *Id.* at 470. The district court refused to grant reconsideration of its dismissal order and allow the third amended complaint to be filed because any further amendment would be futile. We reviewed the district court's refusal to file an amended complaint under Rule 15 standards because the plaintiffs' motion for reconsideration presented the court with an opportunity to vacate its earlier dismissal order. But here, Calvary never filed a motion to reconsider the order of dismissal, nor did it, in its motion to amend, suggest that the district court should vacate its judgment of dismissal. In short, Calvary's circumstances are distinguishable from those in *Katyle*, and *Katyle* hardly provides it with any support.

In sum, Calvary's motion to amend could not be granted because the complaint it sought to amend had been dismissed by a final judgment and Calvary had never requested that the judgment be opened or vacated. And Calvary's motion for reconsideration could not be taken as a motion to vacate the judgment under Rule 60(b) because it never made such a request to the district court, nor did it articulate reasons that would justify Rule 60(b) relief. To now argue that we should impute to the district court notice of a motion to vacate simply reaches too far, as it would require us to find that a court errs when it fails to ignore the language of a motion and to substitute language and arguments that had simply never been made, in substance or in form.

Accordingly, we affirm the district court's order of December 22, 2011, denying the motion to amend, and its order of December 29, 2011, denying the motion for reconsideration.

*AFFIRMED*