**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-2010**

JOSEPH D. CHAPMAN,

        Plaintiff - Appellant,

    v.

ASBURY AUTOMOTIVE GROUP, INC.,

        Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. M. Hannah Lauck, District Judge. (3:15-cv-00679-MHL)

Submitted: December 29, 2017               Decided: January 11, 2018

Before SHEDD, FLOYD, and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Scott G. Crowley, Sr., CROWLEY & CROWLEY, Glen Allen, Virginia; Jay J. Levit LAW OFFICE OF JAY J. LEVIT, Glen Allen, Virginia, for Appellant. Candace A. Blydenburgh, S. Virginia Bondurant Price, MCGUIREWOODS, LLP, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph D. Chapman filed a civil action against Asbury Automotive Group, Inc., ("Asbury"), alleging causes of action for breach of contract and unjust enrichment. Asbury moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), and on September 7, 2016, the district court granted that motion and entered judgment against Chapman. Twenty-one days later, on September 28, 2016, Chapman filed a Fed. R. Civ. P. 15(a)(2) motion for leave to file an amended complaint. On August 3, 2017, the district court denied as futile Chapman's Rule 15 motion. Chapman filed his notice of appeal on August 29, 2017, seeking to appeal "the Final Order of this Court entered August 3, 2017." (J.A. 141).[1]

Parties are accorded 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Rule 4(a)(4)(A) provides that the appeal period will be tolled by the timely filing of any of a number of different motions with the district court, but does not list a Fed. R. Civ. P. 15 motion as a qualifying motion.

Chapman's Rule 15 motion, which cannot fairly be read as invoking either Fed R. Civ. P. 59(e) or 60, did not operate to toll the limitations period. *See Calvary Christian*

---

[1] Citations to "J.A." refer to the Joint Appendix filed by the parties in this appeal.

2

*Ctr. v. City of Fredericksburg*, 710 F.3d 536, 541 (4th Cir. 2013) ("To now argue that we should impute to the district court notice of a motion to vacate simply reaches too far, as it would require us to find that a court errs when it fails to ignore the language of a motion and to substitute language and arguments that had simply never been made, in substance or in form."). Because Chapman did not file a qualifying motion within the appeal period and failed to obtain an extension or reopening of the appeal period, any appeal of the district court's September 7, 2016, order is untimely.[2]

Consequently, we grant Asbury's motion and dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[2] In his appellate brief, Chapman does not allege any error in the district court's order denying his Rule 15 motion and raises only allegations of error with regard to the district court's September 7, 2016, order.