**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-2130

SONIA IVELISSE WRIGLESWORTH,

Plaintiff - Appellant,

v.

MARK T. ESPER, Secretary, U.S. Department of the Army,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:17-cv-00252-D)

Submitted: April 18, 2019                          Decided: April 22, 2019

Before WILKINSON, MOTZ, and KEENAN, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Dennis L. Friedman, Philadelphia, Pennsylvania, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Rudy E. Renfer, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Through counsel, Sonia Wriglesworth, who proceeded pro se in the district court, seeks to appeal the district court's order granting Defendant's motion to dismiss her civil complaint asserting she was discriminatorily and retaliatorily discharged from her employment. Wriglesworth also appeals the district court's order denying her postjudgment motion for leave to file an amended complaint, which the court construed as a Fed. R. Civ. P. 59(e) motion.[*] Wriglesworth asserts that the district court erred when it granted Defendant's motion to dismiss, and that the court abused its discretion when it construed her motion for leave to amend the complaint as a motion for reconsideration and in not allowing the amendment. We dismiss in part and affirm in part.

Where, as here, the United States or its officer or agency is a party, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R.

---

[*] Wriglesworth's motion was filed 58 days after the district court entered the dismissal order on its docket and, thus, the district court should have reviewed the construed reconsideration motion pursuant to Fed. R. Civ. P. 60(b). *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 (4th Cir. 2010) (recognizing that, under previous version of Rule 59(e), "a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than 10 days after entry of the adverse judgment and seeks to correct that judgment").

2

App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court's dismissal order was entered on the docket on April 25, 2018. The notice of appeal was filed more than five months later, on September 27, 2018. That Wriglesworth filed what was construed as a motion for reconsideration within the 60-day appeal period does not serve to toll the appeal period because it was not filed within 28 days of entry of the challenged order. *See* Fed. R. App. P. 4(a)(4). Because Wriglesworth failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal in part with respect to the dismissal order.

We discern no abuse of discretion in the court's decision to construe Wriglesworth's motion for leave to amend as a motion for reconsideration. *See Calvary Christian Ctr. v. City of Fredericksburg, Va.*, 710 F.3d 536, 539 (4th Cir. 2013) ("We have repeatedly held that a motion to amend filed after a judgment of dismissal has been entered cannot be considered until the judgment is vacated."). Accordingly, we affirm in part as to the district court's order denying reconsideration of the dismissal order. *See Wriglesworth v. Esper*, No. 5:17-cv-00252-D (E.D.N.C. July 30, 2018). We deny as moot Esper's motion to file a supplemental joint appendix. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

3