**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 22-1161**

———————————

J.C. and C.C., as parents and next friend of A.C.,

                    Plaintiffs - Appellants,

        v.

FAIRFAX COUNTY PUBLIC SCHOOLS,

                    Defendant - Appellee.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Anthony John Trenga, Senior District Judge.  (1:20-cv-01504-AJT-TCB)

———————————

Submitted:  July 12, 2023                    Decided:  August 8, 2023

———————————

Before NIEMEYER and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————————

Dismissed in part and affirmed in part by unpublished per curiam opinion.

———————————

J.C. and C.C., Appellants Pro Se.  Lloyd Lee Byrd, Nicole S. Cheuk, Bradford Allen King, SANDS ANDERSON, PC, Richmond, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

J.C. and C.C. ("Plaintiffs"), as parents and next friend of A.C., a minor, sued Fairfax County Public Schools (FCPS), alleging violations of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400 to 1482. Proceeding pro se, Plaintiffs seek to appeal the magistrate judge's order denying their first motion for leave to file a third amended complaint and the district court's order dismissing their second amended complaint for failure to state a plausible claim for relief. Plaintiffs also appeal the district court's order denying their postjudgment motion for leave to file an amended complaint, which the court construed as a Fed. R. Civ. P. 59(e) motion.[1] We dismiss in part and affirm in part.[2]

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court

---

[1] Plaintiffs' motion was filed more than 28 days after the district court entered its dismissal order, so the motion is properly considered under Fed. R. Civ. P. 60(b). *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 (4th Cir. 2010) (recognizing that, under previous version of Rule 59(e), "a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than 10 days after entry of the adverse judgment and seeks to correct that judgment").

[2] Although FCPS argues otherwise, we conclude that we have subject matter jurisdiction over the appeal and that Plaintiffs have standing to proceed pro se on appeal. *See Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007) (noting "[p]arents enjoy rights under IDEA; and they are, as a result, entitled to prosecute IDEA claims on their own behalf"); *Parker v. Curtiss-Wright Corp.*, 738 F. App'x 231 (4th Cir. 2018) (No. 18-1400) (concluding "district court had subject matter jurisdiction over the action" even though district court indicated it lacked jurisdiction because plaintiff sued the wrong defendant).

2

extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).  "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its dismissal order on July 14, 2021.  Plaintiffs filed their notice of appeal on February 17, 2022.  The Plaintiffs' motion, construed as a motion for reconsideration, filed within the 30-day appeal period does not serve to toll the appeal period because it was not filed within 28 days of the entry of the challenged order.  *See* Fed. R. App. P. 4(a)(4).  Because Plaintiffs failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal with respect to the district court's dismissal order and the magistrate judge's earlier order denying Plaintiffs' first motion for leave to file a third amended complaint.

Plaintiffs' notice of appeal was timely filed as to the district court's order construing their second motion for leave to file a third amended complaint as a motion for reconsideration and denying relief.  However, we discern no abuse of discretion in the district court's decision to construe Plaintiffs' motion for leave to amend as a motion for reconsideration, nor did the court abuse its discretion in denying that motion.  *See Calvary Christian Ctr. v. City of Fredericksburg*, 710 F.3d 536, 539 (4th Cir. 2013) ("We have repeatedly held that a motion to amend filed after a judgment of dismissal has been entered cannot be considered until the judgment is vacated.").  Accordingly, we affirm as to the district court's order denying reconsideration.  *See J.C. v. Fairfax Cnty. Public Schools*, No. 1:20-cv-01504-AJT-TCB (E.D. Va. Jan. 26, 2022).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*