**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6971**

ALBERT CURTIS MILLS,

               Plaintiff - Appellant,

      v.

STATE OF MARYLAND; LAWRENCE J. HOGAN, JR., Governor of the State of Maryland, in his official and individual capacities; STEPHEN T. MOYER, Maryland State's Secretary of Public Safety and Correctional Services, in his official and individual capacities; MARYLAND DIVISION OF CORRECTION; NORTH BRANCH CORRECTIONAL INSTITUTION,

               Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Senior District Judge. (8-17-cv-02305-DKC)

Submitted: November 26, 2019               Decided: December 26, 2019

Before THACKER and QUATTLEBAUM, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

Albert Curtis Mills, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Albert Curtis Mills seeks to appeal the district court's orders dismissing his 42 U.S.C. § 1983 (2012) complaint for failure to exhaust administrative remedies and denying his motion for reconsideration. We dismiss in part and affirm in part.

Mills' notice of appeal was due no more than 30 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). The district court's order dismissing Mills' complaint was entered on the docket on September 21, 2018. The notice of appeal was filed, at the earliest, on July 24, 2019. Thus, Mills' appeal from the dismissal of his complaint is untimely, and we dismiss for lack of jurisdiction.[*]

Mills also appeals the district court's order denying his Fed. R. Civ. P. 60(b) motion for reconsideration. We review the denial of a Rule 60(b) motion for abuse of discretion.

---

[*] While Mills filed a motion for reconsideration, such a motion may only postpone the running of the appeal period if it is filed within 28 days after the judgment is entered. *See* Fed. R. App. P. 4(a)(4)(A)(vi). Mills' motion was filed after the 28-day period had expired. Nonetheless, Mills contends that he was entitled to an extra 3 days in which to file his motion because the motion was mailed to him. However, according to Fed. R. Civ. P. 59(e), the motion must be filed 28 days from the date of entry of the judgment, not from receipt. Thus, the extra 3 days for service are inapplicable. *See* Fed. R. App. P. 26(c). In addition, a motion for reconsideration that is filed outside the 28-day period should be treated as a Fed. R. Civ. P. 60(b) motion, even if it is labeled by the litigant as a Rule 59(e) motion. *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992); *see Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978) (providing that motion should be treated as Rule 59(e) motion if filed within time period prescribed by rule, "however it may be formally styled").

*MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277 (4th Cir. 2008). "In ruling on an appeal from a denial of a Rule 60(b) motion this [c]ourt may not review the merits of the underlying order; it may only review the denial of the motion with respect to the grounds set forth in Rule 60(b)." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992). To succeed on a Rule 60(b) motion, a movant "must show that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside." *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993) (internal quotation marks omitted). Once a movant makes this threshold showing, he must demonstrate that he is entitled to relief under one of Rule 60(b)'s six subsections. *Heyman v. M.L. Mktg. Co.*, 116 F.3d 91, 94 (4th Cir. 1997).

Mills did not attempt to make a showing of any of these requirements. Instead, he merely reargued claims that the district court rejected in its underlying order. Thus, the district court did not abuse its discretion in denying the motion. *See CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 401 (4th Cir. 1995) (finding that where, as here, motion sought reconsideration of legal issues already addressed in earlier ruling, motion was not authorized by Rule 60(b) and rejection of motion was not abuse of discretion). Accordingly, we affirm the denial of Mills' motion for reconsideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*